**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA A. SILVAS, a single woman, individually and on behalf of a class of similarly situated individuals, | No. 10-16525 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-00227-JMR |
| and | MEMORANDUM[*] |
| JONATHAN E. ROBINSON; SALLY J. ROBINSON-BURKE, | |
| Plaintiffs, | |
| v. | |
| G.E. MONEY BANK; WMC MORTGAGE CORPORATION; WELLS FARGO BANK, N.A.; AMERICA'S SERVICING COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AIG UNITED GUARANTY CORPORATION; BANK OF AMERICA, N.A.; COUNTRYWIDE HOME LOANS, INC.; AMERICA'S WHOLESALE LENDER; CITIMORTGAGE, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; FEDERAL | |

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

NATIONAL MORTGAGE ASSOCIATION; GMAC MORTGAGE, LLC; HSBC MORTGAGE CORPORATION, U.S.A.; J.P. MORGAN CHASE BANK, N.A.; NATIONAL CITY MORTGAGE,

            Defendants - Appellees.

---

In re: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION,

---

ROSA A. SILVAS, a single woman, individually and on behalf of a class of similarly situated individuals,

            Plaintiff - Appellant,

    and

JONATHAN E. ROBINSON; SALLY J. ROBINSON-BURKE,

            Plaintiffs,

    v.

G.E. MONEY BANK; WMC MORTGAGE CORPORATION; WELLS FARGO BANK, N.A.; AMERICA'S SERVICING COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AIG

No. 10-16526

D.C. Nos.    2:09-md-02119-JAT
             2:10-cv-00630-JAT

2

UNITED GUARANTY CORPORATION;
BANK OF AMERICA, N.A.;
COUNTRYWIDE HOME LOANS, INC.;
AMERICA'S WHOLESALE LENDER;
CITIMORTGAGE, INC.; FEDERAL
HOME LOAN MORTGAGE
CORPORATION; FEDERAL
NATIONAL MORTGAGE
ASSOCIATION; GMAC MORTGAGE,
LLC; HSBC MORTGAGE
CORPORATION, U.S.A.; J.P. MORGAN
CHASE BANK, N.A.; NATIONAL CITY
MORTGAGE,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Argued and Submitted February 16, 2011
San Francisco, California

Before: TALLMAN, RAWLINSON[**], and CALLAHAN, Circuit Judges.

In these consolidated appeals, Rosa A. Silvas challenges the denial of two motions for a preliminary injunction preventing the foreclosure sale of her home.

_____

[**] Due to the death of the Honorable David R. Thompson, the Honorable Johnnie B. Rawlinson, United States Circuit Judge for the Ninth Circuit, has been drawn to replace him on this panel. Judge Rawlinson has read the briefs, reviewed the record, and listened to the audio recording of oral argument held on February 16, 2011.

We have jurisdiction over these interlocutory appeals under 28 U.S.C. § 1292. We affirm as to appeal No. 10-16525, and we dismiss appeal No. 10-16526 as moot.[1]

**1. No. 10-16525**

The district court denied Silvas's request for a preliminary injunction as to her claims arising under the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq., and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. Silvas argues that the district court erroneously found that the statute of limitations barred her FHA and TILA damages claims, and that it failed to consider her TILA rescission claim.

We review the denial of a preliminary injunction for an abuse of discretion. *Playmakers LLC v. ESPN, Inc.*, 376 F.3d 894, 896 (9th Cir. 2004). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). The party requesting a preliminary injunction must carry its burden of persuasion by a "'clear showing'" of these four elements. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam).

---

[1] Because the parties are familiar with the facts, we repeat them here only as necessary to the disposition of the case.

Silvas failed to show a likelihood of success on the merits of her FHA claim because the two-year statute of limitations had run. *See* 42 U.S.C. § 3613(a)(1)(A). Silvas obtained the loan at issue in 2006 and did not join the class action suit until 2009, after the statute of limitations had expired. This case does not fall within the "continuing violation" exception to the statute of limitations because the execution of the loan in question was a one-time act. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982) (describing a continuing violation as a number of related incidents). Nor does Silvas identify facts that would suggest her FHA claim should be equitably tolled. *See Garcia v. Brockway*, 526 F.3d 456, 465–66 & n.9 (9th Cir. 2008). Thus, the district court did not abuse its discretion in denying a preliminary injunction based on Silvas's FHA claim.

Silvas's claim for damages under TILA is likewise barred by the applicable one-year statute of limitations. *See* 15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (explaining that the limitations period runs from the date of the transaction but may be suspended by equitable tolling). The district court correctly determined that Silvas's allegations concerning equitable estoppel were bare legal conclusions unsupported by facts and were inadequate to support a claim for equitable estoppel. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor is equitable tolling appropriate when, as here, Silvas did not make any

5

showing of due diligence to discover the contents of her loan documents. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (equitable tolling is appropriate "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" (internal quotation and alteration marks omitted)). Accordingly, Silvas's TILA damages claim is time-barred.

Silvas also raised a rescission claim under TILA. Although the district court did not address this claim specifically, it concluded generally that Silvas was barred from equitable relief under the doctrine of unclean hands. We affirm the district court's denial of a preliminary injunction on this basis. Silvas wishes to continue to live in her house, but she has not offered to make any payments on her loan, she did not tender any payments when she sought rescission, nor is she able to repay the loan at this time. It was not an abuse of discretion to deny the request for a preliminary injunction under these circumstances. *See Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010) (explaining that the doctrine of unclean hands bars relief to a plaintiff who has violated good faith or other equitable principles in the transaction at issue).

**2. No. 10-16526**

The district court denied Silvas's request for a preliminary injunction as to her contention that neither Countrywide Home Loans, Inc., nor Recontrust Co., has the authority to foreclose on her home. While this appeal was pending, the district court dismissed the underlying complaint. Because the operative complaint has been dismissed, we dismiss this interlocutory appeal as moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992).[2]

**AFFIRMED as to No. 10-16525; DISMISSED AS MOOT as to No. 10-16526.**

---

[2] Silvas has requested that we take judicial notice of orders of the United States District Court for the District of Arizona dismissing her complaint and other complaints in pending multidistrict litigation without prejudice, and of the district court's order granting a motion to file an amended consolidated complaint in the multidistrict litigation. We need not take judicial notice of documents that are part of the record below, and we otherwise decline to take judicial notice of orders in the multidistrict litigation that are not relevant to the issues on appeal.